Judge Robertson,
delivered the opinion of the Court.
Pilcher having obtained a judgment at law, against Higgins and Prichart, on their note to him’ for I190- They filed their bill in chancery; alleging that they had paid him in store goods and money, (the account for which they exhibited,) ‡176 ^ cents, and praying for an injunction,
No injunction bond was executed; nor was any in; junction process issued. But the parties and the court seem to have treated the case, throughout its pro; gress, as if the judgment at law had been enjoined; and even the counscl here seemed so to have considered it.
Pilcher denied the allegations of the bill. But it was sufficiently proved, that the account; as exhibit; *17 led, was just, and that the complainants bad frequently requested the defendant, to bring in his note and settle with them, before the Suit at law was brought, which he failed to do.
During the progress of the case, the court dismissed the bill, for want of prosecution, but afterwards reinstated it, on an affidavit filed for that purpose.
On the final hearing, the court decreed, “that the complainants’ injundionbe perpetuated; and it appearing that the complainants are fairly indebted to the defendants, in the sum of $>24 70, with interest, therefore, it is decreed and ordered, that they pay said defendant, the sum of $>24 70 cents, with interest thereon, at the rate of 6 percent, per annum, &c. &c., and that the defendant pay to the complainants, their costs, in the suit at law, and in this suit.”
This decree, although right on the merits, must be reversed.
When no injunction had operated, it wasirregular to decree, that “the injunction be perpetuated?’’ The court might have decreed, that the defendant below, should be enjoined from enforcing his judgment at law, for so much thereof, as had been paid. And this would have been the appropriate decree. The decree, therefore, is irregular, but would not, for this alone, be reversed. But it cannot be sustained for another reason. It was improper to decree an injunction to the whole judgment at law, and order the complainants to pay to the defendant; the $>24 70 cents. The proper decree would have been to enjoin so much of the judgment* as the credits of the complainants amounted to, and remit the defendant to his execution on his judgment, for the remainder. There can be no valid objection to the reinstatement of the cause, after the dismission of it, for want of prosecution. The court had the power to do this surely; and it does not appear that this power was abused. The purposes of justice not only permitted, but required, that the case should be tried on its merits; and the affidavit was sufficient.
Nor is there any error in the decree for costs against the defendant, in the suit in chancery. As the com *18 plainants had a right to their bill, they had a right to their costs, for prosecuting it. But we cannot approve the decree for the costs, in the suit at law.
Hoggin and Loughborough, for plaintiff; Chinn, for defendant.
It is true, that the complainants proved that they had often requested a settlement; and there is no doubt, that if Pilcher had been inclined to avoid litigation, and accept what he was justly entitled to, he would have acceded to their propositions. He ought not to have brought his suit. He would not have brought it, if he had not intended to deny the credits, and endeavor to collect the whole amount of the note.
But he had a legal right to sue. In that suit, he had a right to recover a balance, after deducting the payments. And unless a tender of that balance had been pleaded and proved, he had a right to the costs of the suit. The chancellor, therefore, erred, in decreeing that he should pay the costs at law.
Decree reversed, and cause remanded, with instructions to enter a decree conformable to this opinion. Each party must pay his own costs in this court.